UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

ADRIAN CARLTON,

    Plaintiff,

v.                                                                  Case No. 2:04-cv-1
                                                                          HON. R. ALLAN EDGAR

P. TURNER, et al.,

    Defendants.

_____/

## REPORT AND RECOMMENDATION

Plaintiff Adrian Carlton, a prisoner confined at the Baraga Maximum Correctional Facility (LMF), filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 against the remaining defendants, corrections officers P. Turner, R. Ekdahl and W. Jondreau. Trial is scheduled for January 3, 2007.

Plaintiff allegedly witnessed two corrections officers assault another prisoner on May 12, 2003. Twelve days later, defendants Turner and Ekdahl removed plaintiff from his cell and took him to the office of Resident Unit Manager W. Jondreau. Plaintiff was seated in a chair and handcuffed. Plaintiff was asked what he observed on May 12. As plaintiff began to explain what he observed, defendant Turner "struck [him] violently [on] the back of the head." Turner then allegedly struck plaintiff two more times. Plaintiff alleges that defendants Ekdahl and Jondreau failed to stop Turner. Plaintiff then agreed to give a statement that was favorable to the officers. On appeal, the Sixth Circuit reversed the dismissal of plaintiff's Eighth Amendment cruel and unusual punishment claim and plaintiff's First Amendment retaliation claim. The Sixth Circuit explained:

> The critical question in this case is what happened: In other words, are Carlton's allegations true or false? If what Carlton says is true, he has stated a cognizable Eighth Amendment claim. If not, the claim evaporates. Given that the claim rises or falls based on a credibility assessment of what happened during this confirmation and given few facts and arguments before us, the case should go to a factfinder to determine who is telling the truth.

Plaintiff has filed a motion for summary judgment. Summary judgment is appropriate only if the moving party establishes that there is no genuine issue of material fact for trial and that he is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-323 (1986). If the movant carries the burden of showing there is an absence of evidence to support a claim or defense, then the party opposing the motion must demonstrate by affidavits, depositions, answers to interrogatories, and admissions on file, that there is a genuine issue of material fact for trial. *Id.* at 324-25. The nonmoving party cannot rest on its pleadings but must present "specific facts showing that there is a genuine issue for trial." *Id.* at 324 (quoting Fed. R. Civ. P. 56(e)). The evidence must be viewed in the light most favorable to the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986). Thus, any direct evidence offered by the plaintiff in response to a summary judgment motion must be accepted as true. *Muhammad v. Close*, 379 F.3d 413, 416 (6th Cir. 2004) (*citing Adams v. Metiva*, 31 F.3d 375, 382 (6th Cir. 1994)). However, a mere scintilla of evidence in support of the nonmovant's position will be insufficient. *Anderson*, 477 U.S. at 251-52. Ultimately, the court must determine whether there is sufficient "evidence on which the jury could reasonably find for the plaintiff." *Id.* at 252. *See also Leahy v. Trans Jones, Inc.*, 996 F.2d 136, 139 (6th Cir. 1993) (single affidavit, in presence of other evidence to the contrary, failed to present genuine issue of fact); *cf. Moore, Owen, Thomas & Co. v. Coffey*, 992 F.2d 1439, 1448 (6th Cir. 1993) (single affidavit concerning state of mind created factual issue).

Plaintiff filed his motion for summary judgment on October 18, 2006. All motions were to be filed prior to July 10, 2006. Plaintiff argues that he is entitled to summary judgment because "defendants have failed to meet their burden of demonstrating that they did not violate plaintiff's clearly established constitutional rights . . . ." However, defendants have no such burden. It is plaintiff's burden to show that defendants violated his constitutional rights. Plaintiff argues that he can meet that burden based solely upon his statement of material facts. In order to win on summary judgment, plaintiff must come forward with supporting evidence, not simply a statement of asserted facts. The Sixth Circuit has already determined that a question of fact exists in this case.

Plaintiff alleges that since the case was remanded by the Sixth Circuit, it is now clear that defendants Turner and Ekdahl took plaintiff to defendant Jondreau's office. When defendants initially filed their dispositive motion they each submitted affidavits. Defendant Jondreau's affidavit states in part, "[a]t no time did Defendants Turner and Ekdahl bring the Plaintiff to my office for the reasons he alleges." Docket #70-4. Defendant Ekdahl states in part, "[a]t no time did Defendant Turner and I bring the Plaintiff to the office of the RUM. I did not witness Defendant Turner assault the Plaintiff." Docket #70-3. Defendant Tuner stated in part, "[a]t no time did Defendant Ekdahl and I bring the Plaintiff to the office of the RUM. I did not strike the Plaintiff." Plaintiff has attached to his motion Defendants' Response to Plaintiff Carlton's Amended Additional Request for Admission, which appears to have been answered and signed by defendant Jondreau only. The requests and answers state in part:

> 7. Do you admit that you instructed two (2) housing unit (1) staff to escort prisoner Carlton to your office and/or a office within housing unit (1) to discuss the May 17, 2003 Jones incident and that prisoner Carlton did not by way of written correspondence request to be seen?
>
> Response: Yes, I told 2 officer's to escort prisoner Carlton to my office. I did not receive a written request from prisoner Carlton.

8. Do you admit you questioned prisoner Carlton about the Jones incident within the month of May 2003?

Response: Yes

9. Do you admit that two (2) officers who brought Carlton to your office or an office within housing unit (1) was Turner and Ekdahl?

Response: Yes.

It appears that there are inconsistencies in defendants' affidavits and the answers to the requests for admission. While these inconsistencies are troubling, they cannot be the basis for summary judgment in plaintiff's favor.

Accordingly, it is recommended that plaintiff's motion for summary judgment (Docket #267) be denied.

NOTICE TO PARTIES: Objections to this Report and Recommendation must be served on opposing parties and filed with the Clerk of the Court within ten (10) days of receipt of this Report and Recommendation. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); W.D. Mich. LCivR 72.3(b). Failure to file timely objections constitutes a waiver of any further right to appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See also Thomas v. Arn*, 474 U.S. 140 (1985).

      /s/ Timothy P. Greeley
     TIMOTHY P. GREELEY
     UNITED STATES MAGISTRATE JUDGE

Dated: November 14, 2006